# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GENE A. FAHR,

        **Plaintiff,**

-vs-                   Case No. 6:11-cv-1621-Orl-28GJK

COMMISSIONER OF SOCIAL SECURITY,

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

 This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 26)** |
| **FILED:** | May 17, 2012 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.** | |

 On May 1, 2012, a judgment was entered reversing and remanding this case to the Commissioner of Social Security (hereafter "Commissioner") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 23. Plaintiff, Gene A. Fahr, now moves, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (hereafter "EAJA"), for an award of attorney's fees (hereafter "Motion"). Doc. No. 26. In the Motion, Plaintiff requests the Court award attorney's fees in the amount of $3,972.54. Doc. No. 26 at 1.

Plaintiff represents that the parties have agreed that if the "U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel." Doc. No. 26 at 2 ¶ 9.

In the memorandum of law supporting the Motion, Plaintiff represents that Richard A. Culbertson, Esq., performed 3.0 hours of work and Sarah Fay, Esq., performed 19.0 hours of work in 2011-12, at hourly rates of $180.57. Doc. No. 26 at 8. Plaintiff requests a total of $3,972.54 in attorney's fees. Doc. No. 26 at 8. Plaintiff represents that the hourly rates requested by his counsel do not exceed the EAJA "cap of $125 per hour adjusted for inflation." Doc. No. 26 at 10. Plaintiff attaches a time log cataloging the tasks and hours his counsel spent working on the case. Doc. No. 26 at 11-12. The Motion is unopposed. Doc. No. 26 at 3 ¶ 11.

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-30 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. The Supreme Court noted, however, that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney, analogizing to those cases interpreting and applying 42 U.S.C. § 1988 where the Court has held a prevailing party has the right to waive, settle, negotiate, or assign his or her entitlement to attorneys' fees. *Id*. at 2528-29. An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) to be valid. *See Farm Bureau Mut. Ins. Co. v. United States*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984).

Section 3727(b), provides that:

> <u>An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued</u>. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The

2

> certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b) (emphasis added). Thus, any assignment of EAJA fees which predates an award and determination of the amount of fees is voidable. *See Delmarva Power & Light Co. v. United States,* 542 F.3d 889, 893 (Fed. Cir. 2008); *Young v. Astrue*, 2011 WL 1196054 at *3-4 (M.D. Ga. Feb. 24, 2011).

Based on the foregoing, the undersigned **RECOMMENDS** the following:

1. The Motion be **GRANTED** only to the extent that the Court awards EAJA attorney's fees to Plaintiff, as the prevailing party, in the sum of $3,972.54;

2. The Motion otherwise be **DENIED**; and

3. The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If the parties have no objection to this report and recommendation, they shall promptly notify the Court**.

**RECOMMENDED** in Orlando, Florida on May 22, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of record
Unrepresented parties